IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARY ANNE SAUSE,

Plaintiff,

v.

MID AMERICA MANAGEMENT, et al.,

Defendants.

Case No. 5:24-cv-04086-HLT-RES

## MEMORANDUM AND ORDER

Plaintiff Mary Anne Sause[1] sues the owners, operators, and managers of Cedar Run Apartments for locking her out of her apartment and causing her to become homeless. She seeks more than $17 million in compensatory and punitive damages. She purports to bring claims under the United States Constitution and several federal and state statutes. She summarily lists the statutes in her complaint but does not take any further steps to connect the statutes to her factual allegations. Defendants move to dismiss her operative complaint for failing to comply with Fed. R. Civ. P. 8(a). Doc. 61 and 62.

The Court is sympathetic to the stress that the loss of her apartment and ensuing homelessness has undoubtedly placed on Plaintiff. The Court is also sympathetic to the difficulties inherent in litigating in federal court without the benefit of legal counsel or a legal education. But the Court must balance these sympathies with its obligations to ensure that the exercise of its authority is fair and just. To that end, the Court has an obligation to ensure that Plaintiff's operative complaint complies with Rule 8 and that neither the Court nor Defendants are forced to become

---

[1] The Court liberally construes Plaintiff's pro se filings and holds them to a less stringent standard than those drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate. *Id*.

her advocate by manufacturing her claims from a list of statutes, regulations, and untethered collective factual allegations. Plaintiff's operative complaint does not satisfy Rule 8 despite repeated amendment because the nature of her claims and the factual allegations supporting each claim remain unclear. The Court therefore grants the motions and dismisses her claims without prejudice.

I.   BACKGROUND

A.   Procedural Background

This is Plaintiff's third complaint. It took several tries to get to this procedural posture. Plaintiff filed her original complaint on August 26, 2024. She moved to substitute a party on November 6 after learning that a named defendant (Roger A. Schwager) had died. Doc. 15. She also moved to amend her complaint to add parties at the same time. Doc. 16. Judge Schwartz denied Plaintiff's first motion to amend without prejudice because Plaintiff did not attach a proposed amended complaint. Doc. 17.

Plaintiff renewed her motion to amend on November 22. Doc. 18. But Plaintiff seemed to think she could incorporate the allegations in her original complaint as part of her amended complaint. Judge Schwartz advised Plaintiff she could not. Specifically, Judge Schwartz stated, "An amended complaint 'is not simply an addendum to the original complaint, [but] instead completely supersedes it.' Therefore, a proposed amended complaint 'must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.'" Doc. 20 at 2 (internal citation omitted). Judge Schwartz denied Plaintiff's second motion without prejudice "[t]o ensure that Plaintiff has the opportunity to file a single proposed amended complaint that includes all factual allegations and legal claims within that single document." *Id.* at 3.

Plaintiff tried a third time on January 8, 2025. Doc. 25. She again neglected to attach a proposed amended complaint. Judge Schwartz gave her an opportunity to do so by January 14. Doc. 26. Judge Schwartz reiterated that the proposed amended complaint must comply with her guidance in Doc. 20. Plaintiff filed a proposed pleading on January 14. Defendants did not oppose. Judge Schwartz granted Plaintiff's motion to amend as unopposed in accord with D. Kan. Rule 7.1(c). Doc. 28 at 6.

Defendants moved to dismiss Plaintiff's first amended complaint. Docs. 45, 52, 53, & 55. Plaintiff once again moved to amend, this time attaching her proposed second amended complaint ("SAC"). Judge Schwartz granted Plaintiff's motion. Doc. 57. The Court denied the pending motions to dismiss without prejudice because they were no longer directed to the operative complaint. Doc. 58. Defendants refiled. Docs. 61 and 62.

This series of events makes clear that Plaintiff was on notice that her operative complaint must include all allegations and claims she intends to pursue. The Court has no obligation to refer to superseded pleadings when reviewing a motion challenging the operative complaint. It is long-established that an amended complaint ordinarily renders the original of no legal effect. *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991).

**B.     Operative Complaint**

Plaintiff's SAC identifies in list form the following grounds for her cause of action:

> 28 U.S.C. § 1331 Article 3, 28 U.S.C. § 1343, 34 US Code § 12491, U.S.C. § 12494, Fair Housing Act (42 U.S.C. 3601-3619), Section 504 of the Rehabilitation Act of l973, 29 U.S.C. § 794. Section 504, and its implementing regulations at 24 C.F.R. Part 8, 34 U.S.C. § 1294, KS Stat § 44-1018 (2021), 44-106, 44-1017, 44-1026, 34 U.S.C § 12491, Ks. Residential Tenant Act, First Amendment of the US Constitution, U.S.D.A. Rural Development Policies, Procedures and Regulations for governmental subsidized housing and rental units, Section 109 of the Housing and Community Development Act of 1974, Violence Against Women

3

Act of Reauthorization of 2022, U.S.D.A. Rural Development Multi-Family Housing Occupancy Regulations C.F.R. § 3560.159 et. seq., Civil Right Act of 1968, The Americans with Disabilities Act, 18 U.S.C. § 241. (Conspiracy Against Rights Statute.)

Doc. 54-1 at 4. A few of these grounds are briefly mentioned again. *See id.* at 16 (mentioning C.F.R. § 3560.159 et seq., K.S.A. § 58-2570(b), and "the Fair Housing Act and Federal Laws, Statutes Procedures listed in Jurisdiction B (3)").

Plaintiff's SAC also identifies Defendants 1 through 8. *Id.* at 4-5. This list is followed by a section titled "Statement of Claim." This section contains two sets of numbered paragraphs. The first set includes fifteen numbered paragraphs that contain allegations about the actions of either all Defendants or all Defendants but one (Mike l/n/u).[2] *Id.* at 5-10. The second set includes nine paragraphs that contain allegations about how Mike harmed Plaintiff.[3] *Id.* at 10-14. Neither set connects the factual allegations with a federal or Kansas statute or other cause of action. Instead, the numbered paragraphs repeatedly make the conclusory allegations that Defendants owed Plaintiff one duty or another but never identifies the origin of the obligation. *See, e.g.*, Doc. 54-1 at 5 ("All listed Defendants owed the Plaintiff renewal and recertification of Plaintiff's lease in government subsidized housing in 2022."); 6 ("Defendant owed Plaintiff a reason why he refused to recertify and renew Plaintiff yearly lease in 2022."); 7 ("Defendant owed Plaintiff especially with her disabilities, the availability to pursue her happiness, safety from harm and liberty for herself in her government subsidized apartment."); 8 ("Defendant owed Plaintiff safe and working fire alarms for her personal safety."); 8-9 ("Defendant owed Plaintiff to not take and utilize

---

[2] Plaintiff labels the allegations in paragraphs 1 through 15 as applying to all Defendants (or all but one). But she repeatedly uses the singular term "Defendant" and does not specify which Defendant took which actions.

[3] Mike has not moved to dismiss. His summons was returned executed for Plaintiff's original complaint. Doc. 6. It was returned unexecuted for her first amended complaint. Doc. 41. But regardless of Mike's service status, the claims against him are dismissed for the same reasons the Court dismisses the other claims. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 n.2 (10th Cir. 2007) (acknowledging courts may dismiss sua sponte for failure to comply with Rule 8(a) under Rule 41(b)).

Plaintiff's LIEP (Low Energy Assistance Program) credit to use from Plaintiff's lock out day of August 26, 2022 to and including October 11, 2022."); 9 ("Defendant owed the Plaintiff not to be a stigma in society as a homeless, elderly and disabled woman."); 13 ("Defendant owed Plaintiff her government subsidized apartment free of sexual harassment and not to sexually harass Plaintiff.").

Highly summarized, Plaintiff alleges in her SAC that Defendants caused her to become homeless when they refused to renew or recertify her government-subsidized apartment lease. Plaintiff used to live in an apartment complex owned, managed, or operated by Defendants except a maintenance worker named Mike. Plaintiff claims Mike sexually harassed her. He may have been responsible for changing the lock on her apartment without permission. Plaintiff claims she complied with her lease. But Defendants threatened her with eviction and changed her locks. Plaintiff claims they failed to follow the correct procedures to legally evict her. She alleges she is elderly and disabled.

**II.  STANDARD**

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint survives a Rule 12(b)(6) motion to dismiss when it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While the 12(b)(6) standard does not require that [the plaintiff] establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether [the plaintiff] has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) (citation omitted). A court undertaking this analysis accepts as true all well-pleaded allegations in the complaint but need not accept legal conclusions.

*Iqbal*, 556 U.S. at 678. Likewise, conclusory statements are not entitled to the presumption of truth. *Id.* at 678-79.

### III.   ANALYSIS

Defendants generally challenge the plausibility of Plaintiff's SAC. They accurately point out the SAC is "replete with legal conclusions, inferences, and allegations devoid of factual enhancement, naked assertions, and commentary." Doc. 61 at 7. They (also accurately) observe that it is unclear which facts are meant to support which claims and which Defendant performed each action. *Id.* Plaintiff's response is insufficient to refute these arguments.

Plaintiff argues her <u>original</u> complaint stated the facts, what occurred, and what Defendants did or didn't do. Doc. 69 at 2. She suggests that the Court should not dismiss her SAC because it did not dismiss her original complaint. *Id.* She seems to rely on documents filed in the past. *Id.* at 5-6 ("Plaintiff did not draw legal conclusions as she included supported facts with submission of documents in the past."). She contends that Defendants have shown they understand her claims because they addressed them. *Id.* at 3. And she states that "if necessary [she] would seek to amend again to cure any deficiencies." *Id.* at 13.

Plaintiff's SAC and response to the motions are inadequate for at least four reasons.

**First,** as Judge Schwartz advised her, the operative complaint must include all legal claims and factual allegations within the single document. The original complaint is no longer operative. Its contents are irrelevant to the issues now before the Court. Plaintiff cannot use it to bolster the allegations in the SAC. *See Strader v. Kansas*, 2019 WL 5595243, at *2 (D. Kan. 2019).

**Second,** it is not enough to identify a group of statutes and allege generally that Defendants violated them. *See Bailot v. Colorado*, 385 F. App'x 853, 855 (10th Cir. 2010) (affirming dismissal of complaint when "[t]he complaint did little to connect the facts alleged with any cause of action,

6

nor did it indicate how the defendants are responsible for the behavior described"). This does not plausibly state a claim in federal court. *See Bishop v. Romer*, 1999 WL 46688, at *3 (10th Cir. 1999) (affirming dismissal of complaint that "consist[ed] of several pages of rambling, disjointed factual allegations, seemingly unrelated conclusory assertions of constitutional violations, and an exhaustive recital of statutes and administrative rules, which shed no light on the exact nature of [the plaintiff's] claims"); *Swint v. Mueller*, 2021 WL 2822601, at *1 (D.N.M. 2021) (finding the complaint failed to comply with Rule 8(a) where it "[did] not include discernable claims" and instead simply stated "Title VII – Discrimination").

Instead, a plaintiff must present her claims clearly and concisely to inform the defendant(s) of the claim(s) being asserted and allow response. *See Moore v. Cosarrubias*, 2018 WL 11145813, at *2 (D. Colo. 2018) (citation omitted). Rule 8 requires more than "a bare averment that [s]he wants relief and is entitled to it." *Noor v. Hickenlooper*, 2013 WL 1232201, at *1 (D. Colo. 2013) (citation omitted). "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious*, 492 F.3d at 1163; *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013) (explaining that "it is incumbent upon a plaintiff to 'identify <u>specific</u> actions taken by <u>particular</u> defendants'" that form the basis of his claims). If, for example, Plaintiff believes certain defendants violated her First Amendment right or rights, she needs to identify which First Amendment right. Is it speech, or religion, or something else?[4] Which defendant took what actions? Is there a legal vehicle (such as § 1983) for

---

[4] Plaintiff alleges that she reported Mike's sexual harassment to the management and owners and that they retaliated with non-renewal and/or non-certification of her lease. She also claims that Mike "knew that [] Plaintiff was a Christian which deeply affected her by his blatant, aggressive and immoral actions to Plaintiff." Doc. 54-1 at 13. It is unclear whether Plaintiff intends these facts to be connected to her First Amendment claim. But even if she intends a connection, she still has not identified a statute authorizing a constitutional claim against parties who are not alleged to be state actors.

7

bringing a case against that defendant in federal court? And what are the facts that show that each defendant's actions constitute a constitutional violation? Plaintiff answers none of these questions in her SAC.

**Third,** Defendants' efforts to address the statutes listed in Plaintiff's SAC do not prevent them from arguing the claims are unclear. It is not the job of Defendants or the Court to ferret out Plaintiff's claims. *Schupper v. Edie*, 193 F. App'x 744, 745-46 (10th Cir. 2006); *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."). Similarly, the fact that the Court did not dismiss an earlier complaint does not bar the Court from considering dismissal now. Judge Schwartz allowed Plaintiff to amend but specifically advised Plaintiff that she was making no finding that "Plaintiff's amendments cure any deficiencies raised by Defendants in their pending motions to dismiss." Doc. 57 at 3.

**Fourth,** Plaintiff's offer to amend (again) to fix infirmities comes too late. Judge Schwartz gave Plaintiff ample opportunities to submit a viable complaint. She also cautioned her that "in advance of a ruling on any motions to dismiss, 'the court will not favorably entertain another motion for leave to amend. . . . Plaintiff has been on notice of Defendants' defenses . . . and should be prepared to proceed on this final amendment.'" *Id*. (quoting *Phelps v. Kansas*, 2025 WL 743975, at *6 (D. Kan. 2025)). The Court is not bound to continue offering Plaintiff another chance to get it right. Defendants' arguments for dismissal remain largely the same as in the previous four motions to dismiss. *Compare* Docs. 61 & 62 *with* Docs. 45, 52, 53, & 55. Plaintiff was well-aware of the arguments Defendants would likely make again, yet she did not address them. She is not entitled to serial chances to correct identified deficiencies.

## IV. CONCLUSION

The Court is sympathetic to the hardships Plaintiff has faced. But there are significant shortcomings in Plaintiff's SAC. Most notably, she fails to comply with Rule 8. The Court dismisses her claims without prejudice because dismissal stems from a pleading deficiency and not the merits. *See, e.g.*, *Moll v. Carter*, 179 F.R.D. 609, 610 (D. Kan. 1998) (dismissing pro se complaint without prejudice for failure to comply with Rule 8(a)).

THE COURT THEREFORE ORDERS that Defendants' motions to dismiss (Docs. 61 & 62) are GRANTED. The Court DISMISSES the case WITHOUT PREJUDICE. The case is closed. Fed. R. App. P. 4 grants Plaintiff 30 days to file an appeal.

IT IS SO ORDERED.

Dated: July 31, 2025               /s/ *Holly L. Teeter*
                                   HOLLY L. TEETER
                                   UNITED STATES DISTRICT JUDGE